IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM B. BROTHERS, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | Civil Action No. 06-1285 |
| | ) | Judge Nora Barry Fischer/ |
| LAWRENCE COUNTY PRISON BOARD; WARDEN CHARLES H. ADAMO; CAPTAIN DIANE RHODES; NURSE MELISSA MILLER; LYNN SHARP, Medical Administrator; CORRECTIONS OFFICER BOSTON; CORRECTIONS OFFICER JACKSON; CORRECTIONS OFFICER LUCCINI; CORRECTIONS OFFICER IWANJENKO; CORRECTIONS OFFICER WAGNER; CORRECTIONS OFFICER MARTINO; CORRECTIONS OFFICER VARGAS; CORRECTIONS OFFICER WHITE; CORRECTIONS OFFICER JOHN DOE, | ) ) ) ) ) ) ) ) ) ) ) ) ) | Magistrate Judge Amy Reynolds Hay<br><br><br><br><br><br><br><br><br><br><br><br>Re: Dkt. [41] |
| | ) | |
| Defendants | ) | |

## MEMORANDUM ORDER

The above-captioned prisoner civil rights action was received by the Clerk of Court on September 25, 2006, and was referred to United States Magistrate Judge Amy Reynolds Hay for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrate Judges.

The Magistrate Judge's Report and Recommendation, Dkt. [57], filed on November 29, 2007, recommended that the Defendants' Motion to dismiss be granted in part and denied in part. The Report recommended that the motion should be granted as to Plaintiff's Eighth Amendment

claims of excessive force and alleged medical indifference to his monorchism, as to all of Plaintiff's fourteenth Amendment due process claims and equal protection claims, as to all of his state law claims and as to all of his claims for injunctive relief. The report also recommended that the motion to dismiss be granted as to the Prison Board, who should be dismissed as a party defendant due to it not having the capacity to be sued. The Report further recommended that the motion to dismiss should be denied as to Plaintiff's First Amendment and Fourth Amendment claims as well as to his Eighth Amendment claims of medical deliberate indifference to his shoulder injury. Lastly, the Report recommended that pursuant to the screening provisions of the PLRA all the claims that should be dismissed against all of the Moving Defendants should likewise be dismissed against the non moving defendants. Service was made on Plaintiff at Plaintiff's address of record via first class mail and on all counsel of record via CM-ECF. Plaintiff filed objections that were confused and confusing. Dkt. [59].

Only one of those objections bears mention. The moving defendants pointed out in their motion to dismiss that the Prison Board has no capacity to be sued. In his response to the motion to dismiss, as the Report notes, that Plaintiff did not argue that the Board had capacity to be sued but only that he was suing the Board as a policy maker. The Report correctly noted that this argument misses the point. Dkt. [57] at 6. However, given Plaintiff's objections, it appears that what he really seeks to do is to sue the County as the policy maker, which exercises its authority to make policy for the County Prison through the non suable Prison Board. Accordingly, Plaintiff will be given 15 days from the date of this order in which to file with the Court a statement of intent that he seeks to sue the County as the policy maker and wishes to substitute Lawrence County as a party defendant in place of the Lawrence County Prison Board; all

2

references to the Prison Board in the operative complaint will then be deemed to be references to Lawrence County . If he chooses to substitute the County for the Prison Board, Plaintiff must also submit with his statement of intent the U.S. Marshal's 285 Form and waiver of service forms for the County. If Plaintiff fails to submit the required statement of intent within 15 days of this order, the case will proceed with the Prison Board as the named defendant and not the County itself, which means that the Prison Board will have been dismissed for lack of capacity to be sued.

After review of the pleadings and the documents in the case, together with the Report and Recommendation, the following order is entered:

AND NOW, this ___14th___ day of ___January___, 2008,

IT IS HEREBY ORDERED that Plaintiff's objections are overruled and the Moving Defendants' Motion to Dismiss is **Granted in Part and Denied in Part**. The Motion to Dismiss is **GRANTED** as to Plaintiff's Eighth Amendment claims of excessive force and alleged medical indifference to his monorchism, as to all of Plaintiff's fourteenth Amendment due process claims and equal protection claims, as to all of his state law claims and as to all of his claims for injunctive relief. The motion is **GRANTED** as to the Prison Board, who is dismissed as a party defendant for lack of capacity to be sued. The Motion to Dismiss is hereby **DENIED** as to Plaintiff's First Amendment and Fourth Amendment claims as well as to his Eighth Amendment claims of medical deliberate indifference to his shoulder injury. Lastly, it is hereby **ORDERED** that pursuant to the screening provisions of the PLRA all the claims that are dismissed against all of the Moving Defendants are likewise dismissed against the non moving defendants.

**IT IS FURTHER ORDERED** that the Report and Recommendation (Dkt. [57]), filed on November 29, 2007, by Magistrate Judge Hay, is adopted as the opinion of the court.

**IT IS FURTHER ORDERED** that if Plaintiff desires, he must file a statement of intent that he wishes to substitute Lawrence County as a party defendant in place of the Lawrence County Prison Board, together with proper service papers, within 15 days of the date of this order. Failure to do so will result in Plaintiff forfeiting all claims he has against the County.

*[signature]*
Nora Barry Fischer
United States District Court Judge

cc: Hon. Amy Reynolds Hay
United States Magistrate Judge

William B. Brothers
BB-5485
S.C.I. MERCER
801 Butler Pike
Mercer, PA 16137

All Counsel of record via CM-ECF