IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA


WILLIAM B. BROTHERS,                    )
                        Plaintiff       )
                                        )
        vs.                             )        Civil Action No. 06-1285
                                        )        Judge Nora Barry Fischer/
                                        )        Chief Magistrate Judge Amy Reynolds Hay
LAWRENCE COUNTY;                        )
WARDEN CHARLES H. ADAMO;                )
CAPTAIN DIANE RHODES;                   )
NURSE MELISSA MILLER; LYNN              )
SHARP, Medical Administrator;           )
CORRECTIONS OFFICER BOSTON;             )
CORRECTIONS OFFICER JACKSON;            )
CORRECTIONS OFFICER LUCCINI;            )
CORRECTIONS OFFICER IWANJENKO;          )
CORRECTIONS OFFICER WAGNER;             )
CORRECTIONS OFFICER MARTINO;            )
CORRECTIONS OFFICER VARGAS;             )
CORRECTIONS OFFICER WHITE;              )
CORRECTIONS OFFICER JOHN DOE,           )
                        Defendants      )


REPORT AND RECOMMENDATION


I.      Recommendation

        It is respectfully recommended that the Amended Complaint (Doc. 28) in the

above-captioned case be dismissed for failure to prosecute.


II.     Report

        Plaintiff brought suit pursuant to 42 U.S.C. § 1983. At bottom, he complains

about an incident occurring on January 12, 2006, when he was transported from the State

Regional Facility at Mercer to the Lawrence County Correctional Facility ("LCCF"). At the

time, it appears that Plaintiff was a convicted prisoner. Upon arrival at the LCCF, Plaintiff was directed by a female nurse to strip naked in order for her to inspect Plaintiff and another prisoner who arrived with him, for staph infections, referred to by the parties as "MRSA," i.e., "methicillin-resistant Staphylococcus aureus." Plaintiff refused whereas the other prisoner complied. Because he refused to obey the order to strip in front of the female nurse for her to conduct the staph infection inspection, guards came and forcibly stripped him so that the nurse could perform the examination and in the process of doing so, plaintiff claims the guards injured his shoulder.

The Amended Complaint in this case was the subject of a previous Report and Recommendation and Order of Court, see Docs. 57 and 64, leaving the following claims to be decided: (1) whether subjecting Plaintiff, an alleged Muslim, to a strip search in the presence of females, violates the tenets of Islam and so constitutes a violation of his First and Fourth Amendment rights, and (2) whether he was denied medical care for his shoulder injury in violation of his Eighth Amendment rights.

Following a period of discovery, defendants filed motions for summary judgment. On April 6 and 8, 2009, this court issued orders directing plaintiff to file his response to said motions by May 8 and 9, 2009. (Docs. 110 and 116). When plaintiff failed to file any responses, the court issued an order for plaintiff to show cause why the court should not dismiss his case upon his failure to respond to the court's orders. (Doc. 117). To date, plaintiff has failed to respond to the court's three most recent orders.

It is clear that the punitive dismissal of an action for failure to comply with court orders is left to the discretion of the Court. Mindek v. Rigatti, 964 F.2d 1369 (3d Cir. 1992). In

determining whether an action should be dismissed as a sanction against a party the court must consider six factors. These factors, as set forth in <u>Poulis v. State Farm Fire and Casualty Company</u>, 747 F.2d 863, 868 (3d Cir. 1984), are as follows:

(1)     The extent of the party's personal responsibility.

(2)     The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery.

(3)     A history of dilatoriness.

(4)     Whether the conduct of the party or the attorney was willful or in bad faith.

(5)     The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions.

(6)     The meritoriousness of the claim or defense.

Consideration of these factors reveals that the instant action should be dismissed.

Factors 1, 3, and 4 all relate to plaintiff's failure to comply with this court's orders which weighs heavily against him. It is solely plaintiff's responsibility to comply with orders of court directed to him and to respond to motions from opposing parties. His continuing failure to so proceed appears willful and constitutes a history of dilatoriness.

With respect to the second factor -- the prejudice caused to the adversary by plaintiff's failure to comply with this court's orders -- defendants have engaged in discovery in this matter and expended additional time and money in filing dispositive motions. As well, plaintiff's delay in proceeding with the case prejudices defendants, who are entitled, as all litigants are, to a decision in the case within a reasonable time period. Similarly, factor No. 6 -- the meritoriousness of the claim -- will be weighed neither in favor nor against plaintiff, although it appears that defendants may have meritorious defenses. Nevertheless, "[n]ot all of these

factors need be met for a district court to find dismissal is warranted." <u>Hicks v. Feeney</u>, 850 F.2d 152, 156 (3d Cir. 1988).

The final factor to consider is the effectiveness of sanctions other than dismissal. Since the plaintiff filed this action <u>in forma pauperis</u>, it does not appear that monetary sanctions are appropriate. Given plaintiff's failure to respond to three court orders over the past 60 days, it appears that the plaintiff has no serious interest in pursuing this case. Therefore, dismissal is the most appropriate action for this court to take, and it is respectfully recommended that the complaint in the above-captioned case be dismissed since no other sanctions will serve justice. <u>Mindek</u>, <u>supra</u>; <u>Titus v. Mercedes Benz</u>, 695 F.2d 746 (3d Cir. 1982).

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, the parties are permitted to file written objections and responses thereto in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to timely file objections may constitute a waiver of any appellate rights.

Respectfully submitted,

_/s/ Amy Reynolds Hay_____
Chief United States Magistrate Judge

Dated: 17 June, 2009

cc:    Hon. Nora Barry Fischer
United States District Judge

William B. Brothers
813 McCleary Avenue
New Castle, PA 16101

Counsel of Record via CM-ECF